IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.   CV420-112 |
| v. | : : : | JURY TRIAL DEMAND |
| ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC., | : : : : | |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Corey McKever ("McKever"). The Equal Employment Opportunity Commission ("EEOC") alleges that St. Joseph's/Candler Health System, Inc., ("Defendant") engaged in intentional discrimination against McKever when it rescinded its job offer to him because of his disability or because Defendant perceived him as disabled in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Savannah and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, McKever filed a Charge of Discrimination with the EEOC alleging violations of the ADA by Defendant.

8. On October 10, 2019, the EEOC issued to Defendant a Letter of Determination on McKever's Charge of Discrimination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On October 21, 2019, Defendant's counsel advised the EEOC that Defendant was declining to participate in the conciliation process.

10. On October 23, 2019, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least August 2018, Defendant has engaged in unlawful employment practices in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b).

13. McKever is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). McKever is HIV positive, which, at a minimum, substantially limits the major life activity of reproduction and substantially limits his immune function. Defendant also regarded McKever as having a disability by subjecting him to an adverse employment action, rescission of job offer, because of an actual or perceived physical impairment.

14. On or about August 27, 2018, McKever applied online for the position of Security Officer with Defendant. As part of the application, McKever disclosed that he is HIV positive.

15. McKever received a job offer conditioned on, *inter alia*, a drug test.

16. On or about September 7, 2018, McKever was subjected to a medical evaluation and testing during which time he again disclosed that he is HIV positive.

17. On or about September 7, 2018, the Post-Offer Nurse in the Occupational Health Services department informed McKever that she would have to check with her supervisor about whether Defendant could hire him because he is HIV positive.

18. On or about September 18, 2018, Defendant told Charging Party that it would not hire him for the Security Officer position solely because he is HIV positive and rescinded its offer of employment to McKever.

19. McKever was qualified to perform the essential functions of the Security Guard job with or without a reasonable accommodation. He had the skills and prior work experience necessary to be a Security Officer. In fact, Defendant offered him that position prior to rescinding the offer.

20. Employing McKever as a security guard would not pose a significant risk of transmitting HIV to anyone in the workplace.

21. The effect of the practices complained of in the paragraphs above have been to deprive McKever of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and/or because Defendant perceived him as disabled.

22. The unlawful employment practices complained of in the paragraphs above were intentional.

23. The unlawful employment practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally-protected rights of McKever.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from denying employment and/or rescinding job offers to applicants and employees on the basis of an actual or perceived disability, and any other employment practice which discriminates on the basis of disability status.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make McKever whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and front

pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make McKever whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in an amount to be determined at trial.

E. Order Defendant to make McKever whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages to McKever for Defendant's malicious and/or reckless conduct described in the paragraphs above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT-ZIMBABWE
Supervisory Trial Attorney

s/ *Robyn M. Flegal*
Robyn M. Flegal, Esq.
Trial Attorney
Georgia Bar No. 599572
robyn.flegal@eeoc.gov
(404) 562- 6882 (direct)

Keyana C. Laws
Senior Trial Attorney
(404) 562-6823 (direct)
keyana.laws@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6905 (facsimile)