IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO.: 4:20-cv-112 |
| v. | |
| ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC., | |
| Defendant. | |

**O R D E R**

This action arises out of the disability-based discrimination Corey McKever allegedly suffered during the hiring process for a security officer position with Defendant St. Joseph's/Candler Health System, Inc. (the "Hospital"). (Doc. 1.) Plaintiff Equal Employment Opportunity Commission ("EEOC") sued the Hospital for allegedly violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"), and Title I of the Civil Rights Act of 1991. (Id. at p. 1.) Specifically, Plaintiff alleges that the Hospital intentionally discriminated against McKever based on a disability when the Hospital rescinded a job offer for a security officer position after learning of McKever's HIV-positive status. (See id.) On March 3, 2022, the Court denied Defendant's Motion for Summary Judgment and granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment. (Doc. 65 (hereinafter, the "Summary Judgment Order").) Presently before the Court is Plaintiff's Motion for Reconsideration or Clarification, in which Plaintiff requests the Court to reconsider or clarify three issues in the Summary Judgment Order. (Doc. 67.) The Hospital filed a Brief in Opposition ("Response"), (doc. 68), and Plaintiff

filed a Reply, (doc. 70). For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Reconsideration or Clarification. (Doc. 67.)

## BACKGROUND[1]

### I.  Factual Background

Corey McKever suffers from HIV (human immunodeficiency virus), a virus that "attacks the affected person's immune system." (Doc. 55-1, p. 4; see doc. 65, p. 2.) Defendant operates hospitals in Savannah, Georgia. (Doc. 55-1, p. 1; see doc. 65, p. 3.) In August 2018, McKever applied for a Safety Officer position with the Hospital. (Doc. 55-1, p. 1; see doc. 65, p. 3.) After the Hospital gave McKever a conditional offer of employment, which was contingent on McKever passing a physical examination, McKever accepted and underwent a post-offer occupational health screening. (Doc. 48, p. 3; doc. 54, p. 4; doc. 55-1, pp. 3–4; see doc. 65, p. 4.) During the health screening, McKever informed the nurse conducting the examination that he is HIV-positive. (Doc. 48, p. 3; doc. 54, p. 4; see doc. 65, p. 4.) Upon learning of McKever's HIV-positive status, the Hospital rescinded McKever's job offer based on its belief that his medical condition created a significant safety risk to others in the workplace, specifically patients (or other individuals) he may have to restrain or confront. (Doc. 55-1, p. 23; see doc. 65, p. 8.) After the Hospital rescinded McKever's job offer, the Hospital informed McKever about other positions he could apply for that did not involve the risk of physical altercation. (Doc. 48, p. 9; doc. 54, p. 12; see doc. 65, p. 9.) McKever ultimately interviewed for and received an offer to work as an OR Support Tech, but he declined the offer because he did not have a vehicle, and the position required McKever to perform "on-call" hours. (Doc. 48, p. 10; see doc. 46-11, p. 9; see also doc. 65, p. 9.)

---

[1] A more comprehensive recitation of the facts underlying this litigation can be found in the Summary Judgment Order. (Doc. 65, pp. 2–9.)

## II.     Procedural History

After McKever filed a Charge of Discrimination with the EEOC, the EEOC found reasonable cause to believe that the Hospital violated the ADA.  (See doc. 1, p. 3.)  On May 19, 2020, the EEOC filed a Complaint, (id.), and the Hospital subsequently filed an Answer, (doc. 5).  The EEOC then filed a Motion for Partial Summary Judgment, (doc. 37), and the Hospital subsequently filed its own Motion for Summary Judgment, (doc. 46).  On March 3, 2022, the Court issued the Summary Judgment Order, denying the Hospital's Motion for Summary Judgment and granting in part and denying in part Plaintiff's Motion for Partial Summary Judgment.  (Doc. 65.)  Regarding the Hospital's Motion for Summary Judgment, the Court found, among other things, that issues of material fact exist as to whether McKever suffered an adverse employment action under the ADA and whether the Hospital rescinded the conditional job offer for the Safety Officer position because of McKever's disability.  (Id. at pp. 21–30.)  Concerning Plaintiff's Motion for Partial Summary Judgment, the Court granted summary judgment in favor of Plaintiff on the issues of whether McKever was disabled for purposes of the ADA and whether McKever satisfied the prerequisites of the Safety Officer position.  (Id. at pp. 12–15, 30.)  The Court, however, denied Plaintiff's Motion for Partial Summary Judgment on the issues of whether McKever would pose a direct threat (including whether the Hospital based its decision to revoke McKever's job offer on an individualized assessment and current, objective medical evidence) and whether the Hospital rescinded the conditional job offer for the Safety Officer position because of McKever's disability. (Id. at pp. 15–21, 26–30.)

After the Court issued the Summary Judgment Order, Plaintiff filed the at-issue Motion for Reconsideration or Clarification, requesting that the Court reconsider or clarify three issues from the Summary Judgment Order.  (Docs. 67, 67-1.)  Specifically, Plaintiff argues that (1) the

Summary Judgment Order failed to address Plaintiff's "regarded as" claim under the ADA, and the Court should now grant summary judgment in favor of Plaintiff on that issue; (2) the Court's ruling on whether McKever was subjected to an adverse employment action is unclear, and the Court should now grant summary judgment in favor of Plaintiff on that issue; and (3) the Court's ruling on whether the Hospital took an adverse employment action against McKever because of his disability is unclear, and the Court should now grant summary judgment in favor of Plaintiff on that issue. (Doc. 67-1, pp. 2–6.) The Hospital filed its Response, (doc. 68), and Plaintiff filed a Reply, (doc. 70).

## LEGAL STANDARD

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, No. CV 209-093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013). Under Federal Rule of Civil Procedure 54(b), district courts have the discretion to reconsider interlocutory orders at any time before final judgment. Watkins v. Cap. City Bank, No. CV 310-087, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012). Although the text of Rule 54(b) does not specify a standard by which courts evaluate motions, courts in this circuit "have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence[,] or (3) the need to correct clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC, No. 07-22735-CIV, 2008 WL 5691349, at *1–2 (S.D. Fla. Mar. 14, 2008); accord Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010). Because reconsideration "is an extraordinary remedy to be employed sparingly," the movant "must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." Burger King Corp v. Ashland Equities, Inc., 181

F. Supp. 2d 1366, 1369–70 (S.D. Fla. 2002); accord Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-cv-1969-Orl-19KRS, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011); see also Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016). "A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented" before the original decision. S.E.C. v. Mannion, No. 1:10-cv-3374-WSD, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013); accord Armbuster, 2016 WL 1441467, at *1 ("[I]t is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly.") (internal quotation marks omitted).

## DISCUSSION

"The ADA was enacted to provide a clear and comprehensive national mandate to end discrimination against individuals with disabilities and to bring persons with disabilities into the economic and social mainstream of American life." Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1212 (11th Cir. 2010) (internal quotation omitted).  As such, the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); see 42 U.S.C. § 12111(2) (the term "covered entity" includes an employer). "In order to proceed under the ADA, a plaintiff must show that (1) he had a disability; (2) he was a qualified individual; (3) the defendant took an adverse employment action against him; and (4) the defendant took that action because of the plaintiff's disability." Leme v. S. Baptist Hosp. of Fla., Inc., 248 F. Supp. 3d 1319, 1338 (M.D. Fla. 2017) (internal quotations omitted) (citing Collado v. United Parcel Serv., Co., 419 F.3d 1143,

5

1152 n.5 (11th Cir. 2005)).  Plaintiff's Motion for Reconsideration or Clarification concerns the first, third, and fourth elements of an ADA claim.  (See doc. 67-1.)

I.   **Whether the Court Erred in Failing to Address Plaintiff's "Regarded As" Claim under the ADA**

Plaintiff first asks the Court to address whether the Hospital regarded McKever as disabled for purposes of the first element of its ADA claim and to grant summary judgment in its favor on that issue.  (Doc. 67-1, pp. 2–3.)  As stated above, the first element of an ADA claim requires a plaintiff to show that he has a "disability."  Leme, 248 F. Supp. 3d at 1340 (citing Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255–56 (11th Cir. 2007)).  The ADA defines a "disability" as (1) "a physical or mental impairment that substantially limits one or more of the major life activities" (i.e., the "actual disability" definition); (2) having "a record of such an impairment" (i.e., the "record of" definition); *or* (3) "being regarded as having such an impairment" (i.e., the "regarded as" prong).  42 U.S.C. § 12102(1); 34 C.F.R. § 104.3(j)(1); see Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir. 1999) (noting that a person is "disabled" for purposes of the ADA if he or she "satisfies any one of these three definitions").

In its Motion for Partial Summary Judgment, Plaintiff moved for summary judgment on the issue of whether Plaintiff had a disability for purposes of the first element of its ADA claim, arguing that Plaintiff satisfied the "actual disability" definition and/or the "regarded as" definition.  (Doc. 37-1, pp. 11–13.)  As the Court noted in the Summary Judgment Order, the Hospital conceded that Plaintiff satisfied the first element of its ADA claim as a matter of law because "McKever's HIV-positive status constitutes a disability under the ADA."  (See doc. 65, p. 13 (citing doc. 55, p. 12 n.4).)  Therefore, the Court granted Plaintiff's request for summary judgment on the first element of its ADA claim without addressing its argument that McKever was "regarded as" disabled.  (Id.)  Now, in the at-issue Motion for Reconsideration or Clarification, Plaintiff

6

requests that the Court address its argument that McKever satisfies the "regarded as" definition. (Doc. 67-1, pp. 2–3.)  According to Plaintiff, in the Summary Judgment Order, "[t]he Court noted that Defendant conceded that McKever's HIV-positive status constitutes a disability under the ADA . . . without addressing whether [the Hospital] also regarded McKever as disabled." (Id.) Plaintiff requests that the Court find that McKever was regarded as disabled and grant it summary judgment on that issue, despite the Court already granting summary judgment to Plaintiff on the first element of its ADA claim. (See id.)

As an initial matter, Plaintiff does not expressly argue that it satisfies any of the three limited grounds necessary for the Court to grant its Motion for Reconsideration or Clarification on this issue. (See doc. 67-1, pp. 2–3.)  Because Plaintiff has not shown (and the Court is unaware of) an intervening change in controlling law or any new evidence, the Court limits its analysis to whether Plaintiff has shown that there is a need to correct clear error or prevent manifest injustice. See Insured Deposits Conduit, LLC, 2008 WL 5691349, at *2 ("Because Defendant has alleged neither an intervening change in controlling law nor newly discovered evidence, the Court will assume Defendant brings the instant Motion because it believes that there is a need to correct clear error or prevent manifest injustice.").  Plaintiff has failed to make such a showing.

As both parties acknowledge, the Court granted Plaintiff summary judgment on the first element of its ADA claim. (Doc. 65, pp. 12–13; see doc. 67, pp. 2–3; doc. 68, p. 6.)  While Plaintiff argues that the Court should have also found that the Hospital regarded McKever's HIV-positive status as a disability (rather than just finding that his HIV-positive status was a disability), such a finding is unnecessary as Plaintiff had already established (and the Hospital conceded) that McKever's HIV-positive status constituted a disability for purposes of the ADA. (See doc. 65, pp. 12–13.)  The ADA provides "three *alternative* definitions of disability." Mancini v. City of

7

Providence, 909 F.3d 32, 39 (1st Cir. 2018) (emphasis added); see Shields v. Credit One Bank, --- F.4th ----, 2022 WL 1436839, at *5 (9th Cir. 2022) ("[T]he ADA contains three *alternative* definitions of 'disability' . . . .") (emphasis added). Because the Court determined that Plaintiff satisfied the first element of its ADA claim by showing that McKever's HIV-positive status constitutes an actual disability, the Court did not need to address whether Plaintiff also satisfied the first element by showing that the Hospital regarded McKever as disabled. See Mazzeo v. Color Resols. Int'l, LLC, 746 F.3d 1264, 1270 n.4 (11th Cir. 2014) ("Because we conclude that Mr. Mazzeo presented sufficient evidence that he was suffering from a disability under the ADA, we need not and do not address his alternative argument that CRI regarded him as disabled."); see also Denson v. Village of Bridgeview, 19 F. Supp. 2d 829, 835 (N.D. Ill. 1998) ("Denson and the Village also dispute whether the Village 'regarded' Denson as disabled. Whether an individual is 'actually disabled' or 'regarded as disabled' are merely alternative methods by which to establish that the person has a 'disability' under the ADA. Because the court has concluded that there is no genuine factual dispute over the issue of whether Denson has an actual disability, the court need not address the parties' arguments over whether the Village regarded Denson as disabled.") (internal citations omitted); Christensen v. Titan Distrib., Inc., 481 F.3d 1085, 1094 (8th Cir. 2007) ("While other evidence may sufficiently support the jury's finding that Titan regarded Christensen as disabled, we need not make that determination because we find . . . that the evidence was sufficient for a reasonable jury to find that Christensen was actually disabled."); Lawson v. Plantation Gen. Hosp., L.P., 704 F. Supp. 2d 1254, 1280 (S.D. Fla. 2010) ("Because the Court finds that a genuine issue of material fact exists [as to] whether Plaintiff's impairment substantially limits her major life activities, it is not necessary for the Court to assess whether Defendant 'regarded' Plaintiff as being disabled."). Furthermore, in its Reply, Plaintiff appears to argue that

the Court's consideration of whether the Hospital regarded McKever as disabled for purposes of the first element of its ADA claim is relevant to the third element of its ADA claim: whether McKever suffered an adverse employment action. (See doc. 70, pp. 3–7.) However, as discussed below, Plaintiff did not move for summary judgment on the third element of its ADA claim. See Discussion Section II, infra. Therefore, the Court finds that Plaintiff failed to show the need to correct clear error in the Court's ruling or prevent any manifest injustice. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration or Clarification on the issue of whether McKever was regarded as disabled. (Doc. 67.)

## II. Whether McKever Suffered an Adverse Employment Action

Plaintiff next moves for reconsideration or clarification of the Court's holding regarding the third element of its ADA claim (i.e., whether McKever suffered an adverse employment action). (Doc. 67-1, pp. 3–5.) An adverse employment action is one that "impact[s] the terms, conditions, or privileges of [a] plaintiff's job in a real and demonstrable way." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001) (internal quotations omitted), *overruled on other grounds by* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). However, "[t]he law is well established that the denial of a *purely* lateral transfer does not constitute an adverse employment action." Barnhart v. Wal-Mart Stores, Inc., No. 8:04-cv-2452-T-26EAJ, 2006 WL 8439915, at *4 (M.D. Fla. Mar. 3, 2006) (emphasis added) (citing Doe v. Dekalb Cnty. Sch. Dist., 145 F.3d 1441, 1449 (11th Cir. 1998)). A "purely lateral transfer" is a transfer which "does not involve a demotion in form or substance." Doe v. Dekalb Cnty. Sch. Dist., 145 F.3d at 1449. Indeed, "[a] lateral transfer that does not result in 'lesser pay, responsibilities, or prestige' is not adverse." Barnhart v. Wal-Mart Stores, Inc., 206 F. App'x 890, 893 (11th Cir. 2006) (citing Doe v. Dekalb Cnty. Sch. Dist., 145 F.3d at 1448–49).

In its Motion for Summary Judgment, *the Hospital* argued that McKever did *not* suffer an adverse employment action as a matter of law. (Doc. 47, pp. 19–22.) Specifically, the Hospital equated the facts of this case with those of a "lateral transfer" case and argued that, because it offered McKever the OR Support Tech position, McKever did not suffer an adverse employment action. (Id.; see doc. 65, pp. 21–25.) The Court denied the Hospital summary judgment on the issue, finding that "an issue of material fact exists as to whether McKever suffered an adverse employment action." (Doc. 65, p. 25.) Specifically, the Court determined that even if the Hospital's offer of the OR Support Tech position constituted "a transfer," a question of material fact existed as to whether the transfer was "lateral" because the record indicated that the OR Support Tech position had "significantly different responsibilities than Safety Officers." (Id. at p. 23.) In its Motion for Reconsideration or Clarification, Plaintiff argues that, in the Summary Judgment Order, the Court failed to consider whether Plaintiff is entitled to summary judgment on the third element of its ADA claim. (See doc. 67-1, pp. 3–5.) According to Plaintiff, it "argued [in its Motion for Partial Summary Judgment] that McKever suffered an adverse employment action as a matter of law when [the Hospital] rescinded its job offer to McKever." (Id. at pp. 3–4.) Plaintiff asserts that the Court, however, failed to "address the critical issue raised by [Plaintiff]: whether an employer's subsequent offer to allow an applicant to apply for other positions means that the revocation itself is not an adverse employment action." (Id. at p. 4.)

As an initial matter, Plaintiff again fails to expressly argue that it satisfies any of the three grounds necessary for the Court to grant its Motion for Reconsideration or Clarification on this issue. (See id. at pp. 3–5); see also Insured Deposits Conduit, LLC, 2008 WL 5691349, at *2. Considering Plaintiff has not shown (and the Court is unaware of) an intervening change in controlling law or any new evidence, the Court again limits its analysis to whether Plaintiff has

shown that there is a need to correct clear error or prevent manifest injustice. See Insured Deposits Conduit, LLC, 2008 WL 5691349, at *2. The Court finds that Plaintiff failed to make this showing.

Contrary to Plaintiff's assertion, Plaintiff did not move for summary judgment on the third element of its ADA claim. (See doc. 37-1.) Instead, Plaintiff moved for summary judgment on the following issues: "(1) McKever is disabled and/or was perceived as disabled; (2) McKever was qualified; (3) McKever was not a 'direct threat'; (4) McKever's job offer was rescinded because of his disability; and/or (5) [Defendant] did not base its decision to not hire McKever on current objective medical evidence." (Id. at pp. 1–2.) Plaintiff first addressed the issue of whether McKever suffered an adverse employment action as a matter of law in its Response to the Hospital's Motion for Summary Judgment. (See doc. 53, pp. 20–23.) Plaintiff then reiterated the same argument in its Reply in Support of its Motion for Partial Summary Judgment. (Doc. 60, pp. 20–23.) However, "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court." United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984); see, e.g., Smith v. Athens Gastroenterology Assoc., P.C., No. 3:16-CV-122 (CDL), 2017 WL 5196393, at *3 n.3 (M.D. Ga. Nov. 9, 2017) ("In its reply brief, Defendant argued for the first time that the transfer was not an adverse employment action within the meaning of Title VII.  Defendant did not raise the argument in its opening brief . . . . As counsel should know, '[a]rguments raised for the first time in a reply brief are not properly before the reviewing court.'") (quoting Oakley, 744 F.2d at 1556).  Moreover, Plaintiff failed to provide any reason for why it could not have moved for summary judgment on the third element of its ADA claim earlier.  (See docs. 67-1, 70.)  Indeed, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998); see, e.g., Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322,

11

1338 (N.D. Ga. 2000) ("Parties therefore may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.").

Plaintiff cites to the section in its Motion for Partial Summary Judgment regarding the first element of its ADA claim (entitled "McKever is Disabled and/or Was Regarded as Disabled") to show that it moved for summary judgment on the third element. (See doc. 70, pp. 2–3 (citing doc. 37-1, p. 13).) Specifically, Plaintiff points to the paragraph in which it stated that "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter. . . . [The Hospital] rescinded its job offer to McKever because of his HIV positive status." (Doc. 37-1, p. 13 (quoting 42 U.S.C. § 12102(3)(A)). However, in this section of its Motion, Plaintiff clearly sought summary judgment on the *first element* of its ADA claim (i.e., whether Plaintiff had a disability) and *not* the third element. (See doc. 37-1, p. 13.) Indeed, in this section, Plaintiff explicitly argued that it is "entitled to judgment that McKever has an 'actual disability' under the ADA" and that the Hospital "regarded McKever as disabled." (Id. at pp. 12–13); see Discussion Section I, supra (discussing the ways in which a plaintiff may satisfy the first element of an ADA claim). While Plaintiff correctly notes that "[t]he evidence tending to prove the 'regarded as' definition of disabled . . . often is duplicative of the evidence relevant to the third . . . element," Lewis v. City of Union City, 934 F.3d 1169, 1184 (11th Cir. 2019), "[i]t is not the role of the Court to make argument for the parties but to consider and decide the specific arguments made by the parties," Monroe Cnty. Employee's Ret. Sys. v. S. Co., 333 F. Supp. 3d 1315, 1322 (N.D. Ga. 2018) (citing Fils v. City of Aventura, 647 F.3d 1272, 1284 (11th Cir. 2011)). Here, Plaintiff specifically argued that the Hospital regarded McKever as disabled for purposes of the first

element of its ADA claim; Plaintiff did not argue that the rescission of the job offer constituted an adverse employment action under the third element.  (See doc. 37-1, pp. 11–13); see also Jordan Outdoor Enters., Ltd. v. J&M Concepts, LLC, No. 4:18-CV-126 (CDL), 2020 WL 2449278, at *7 (M.D. Ga. May 12, 2020) ("J&M did not clearly move for summary judgment on this issue, and if the Court cannot discern whether summary judgment is sought on a particular issue, judgment as a matter of law on that issue would not be appropriate.").  Because Plaintiff did not properly move for summary judgment on the third element of its ADA claim, the Court finds that there is no clear error in its ruling and no threat of manifest injustice.  See Graham v. Memorial Health Univ. Med. Ctr., No. 4:11-cv-316, 2014 WL 4716479, at *3 (S.D. Ga. Sept. 22, 2014) ("The Court is not persuaded that it made a clear error of law by declining to address Defendants' motion for summary judgment on Plaintiff's disparate treatment claims first raised in their reply brief.  Furthermore, the Court does not agree that Defendants appropriately moved for summary judgment on Plaintiff's disparate treatment claim. . . .  Defendants are simply . . . presenting arguments that [they] had an opportunity to raise earlier[] but failed to do so.  This is not a proper basis to grant Defendants their requested relief."); Schauenberg v. Key West Tours, Inc., No. 08-10059-CIV-MARTINEZ-BROWN, 2009 WL 10667452, at *2 (S.D. Fla. Aug. 14, 2009) ("Plaintiff . . . asks this Court to clarify its Order to the extent that the Court did not decide whether section 327.54(5) of the Florida Statutes required Defendants to obtain insurance to cover accidents, injuries, and property damage caused by their renters' negligence.  The Court finds, however, that Plaintiff did not move for summary judgment on this issue."); Connecticut Indem. Co. v. QBC Trucking, Inc., No. 03 Civ 4257(WHP), 2005 WL 1427424, at *1 (S.D.N.Y. June 20, 2005) ("Progressive . . . argues that this Court should amend its judgment to 'include a declaration that [Progressive] has no obligation to pay any judgment for damages arising out of the subject motor vehicle accident, because its federal

filing is inapplicable to those damages.'  However, Progressive did not move for summary judgment on that issue. . . .  The issue presented by Progressive's reconsideration motion was raised for the first time in Progressive's reply papers on the underlying summary judgment motion. It was entirely appropriate for this Court to decline to consider that question on the summary judgment motion.").  Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration or Clarification on this issue.  (Doc. 67.)

### III.    Whether Defendant Subjected McKever to an Adverse Employment Action because of his Disability

Plaintiff next requests that the Court reconsider its ruling that a question of material fact exists as to whether the Hospital rescinded McKever's offer for the Security Officer position because of his disability.  (Doc. 67-1, pp. 5–6; see doc. 65, pp. 26–30.)  According to Plaintiff, "if the Court holds that the rescission of the job offer is an adverse employment action as a matter of law, it should also hold that Defendant took that adverse action because of McKever's disability." (Doc. 67-1, p. 5.)  As with the other issues raised in Plaintiff's Motion for Reconsideration or Clarification, Plaintiff failed to articulate how any of the three grounds necessary for the Court to grant its Motion on this issue are satisfied.  (See id. at pp. 5–6); see also Insured Deposits Conduit, LLC, 2008 WL 5691349, at *2.  Because Plaintiff has not shown (and the Court is unaware of) an intervening change in controlling law or any new evidence, the Court again limits its analysis to whether Plaintiff has shown that there is a need to correct clear error in the Court's prior ruling or prevent manifest injustice.  See Insured Deposits Conduit, LLC, 2008 WL 5691349, at *2.  The Court finds that Plaintiff failed to make this showing.

In the Summary Judgment Order, the Court addressed the parties' dispute over whether this case is a "direct evidence" or "circumstantial evidence" case.  (Doc. 65, pp. 27–29.)  As noted in the Summary Judgment Order, a plaintiff "may rely on direct or circumstantial evidence" to

14

establish that an employer intentionally discriminated against an applicant in violation of the ADA. (Id. at p. 26 (quoting Carper v. TWC Servs., Inc., 820 F. Supp. 2d 1339, 1347 (S.D. Fla. 2011)).) Absent direct evidence of discrimination, a plaintiff must establish a *prima facie* case of intentional discrimination in violation of the ADA through circumstantial evidence using the burden-shifting analysis set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Wascura v. City of S. Miami, 257 F.3d 1238, 1242 (11th Cir. 2001). If direct evidence of discrimination exists, however, "the familiar framework of establishing a *prima facie* case based on circumstantial evidence and the alternating burdens of proof established by McDonnell Douglas . . . do not apply." Schultz v. Royal Caribbean Cruises, Ltd., 465 F. Supp. 3d 1232, 1263 (S.D. Fla. 2020). Instead, when direct evidence of discrimination exists, "an unconstitutional motive has been deemed to have been a determinative factor in an employment decision, and the burden is on the defendant to prove by a preponderance of the evidence that the same decision would have been reached even absent the discriminatory motive." Carper, 820 F. Supp. 2d at 1347. "[D]irect evidence is relevant solely to a plaintiff's ability to satisfy the fourth element of [an ADA] claim—that the defendant took the adverse employment action *with discriminatory intent*." Leme, 248 F. Supp. 3d at 1338.

The Court determined that direct evidence of discrimination could exist but that a question of material fact existed as to whether an adverse employment action was caused by McKever's disability because the Hospital offered evidence showing that its actions were based on safety concerns rather than discriminatory intent. (See doc. 65, pp. 26–30.) Plaintiff argues that "if the Court holds that the rescission of the job offer is an adverse employment action as a matter of law, it should also hold that [the Hospital] took that adverse action because of McKever's disability." (Doc. 67-1, p. 5.) However, as discussed in Discussion Section II, supra, Plaintiff did not move for summary judgment on whether McKever suffered an adverse employment action.

Furthermore, Plaintiff failed to explain how the Court committed any clear error in ruling on this issue or how manifest injustice would occur. Rather, Plaintiff appears to be asking the Court to "rethink what the Court has already thought through." Moon v. Cincinnati Ins. Co., 975 F. Supp. 2d 1326, 1329 (N.D. Ga. 2013). However, that is not a proper basis for granting a motion for reconsideration. See, e.g., Whitesell Corp. v. Electrolux Home Prods., Inc., 1:03-cv-050, 2020 WL 549224, at *1 (S.D. Ga. Feb. 3, 2020) ("[I]t is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly."). Accordingly, the Court **DENIES** this portion of Plaintiff's Motion as well.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration or Clarification. (Doc. 67.) The Court notes that Plaintiff's filing of a Motion for Reconsideration has caused the Court and the parties to needlessly expend time and resources due in large part to Plaintiff's attempts to raise issues that it failed to raise within the Court's original Scheduling Order. In the future, similar attempts to take a "second bite at the apple" will not be looked upon favorably by the Court.

**SO ORDERED**, this 20th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA