IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 4:20-CV-00112-RSB-CLR |
| ) | |
| v. ) | |
| ) | |
| ST. JOSEPH'S/CANDLER HEALTH ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE***

Plaintiff Equal Employment Opportunity Commission ("EEOC") files this, its Response in Opposition to Defendant St. Joseph's/Candler Health System, Inc's ("Defendant") Motion *in Limine* ("Defendant's Motion *in Limine*"), and shows this Honorable Court as follows:

**I.     BACKGROUND**

Defendant's Motion *in Limine* seeks to exclude evidence, discussion, argument, or any reference to the following issues (numbered by Paragraph):

(1) Payment of damages by any entity other than St. Joseph's;

(2) References to the Court's rulings on the Motions for Summary Judgment;

(3) References to the EEOC's cause determination;

(4) Calling any witnesses not previously identified in discovery, specifically Paul Hinchey and Janice Smith. The EEOC should not be permitted to present any witnesses it did not timely name in its Responses to St. Joseph's Interrogatories or Initial Disclosures, or any

evidence it failed to produce in response to any discovery;

(5) Any testimony from Paul Hinchey;

(6) Any evidence not produced in discovery;

(7) The Center for Disease Control ("CDC") Website;

(8) Any mention or presentation to the jury by the EEOC of St. Joseph's Financial Statements, specifically for their use in calculating punitive damages;

(9) Any reference, question, statement, allusion to or testimony by the EEOC, its attorneys, or witnesses constituting lay testimony, specifically any testimony by McKever as to his medical condition outside his own experience;

(10) Any evidence of pecuniary damages not produced in discovery;

(11) Any evidence on elements not presently before the Court upon which the EEOC was granted summary judgment; and

(12) Any documents or evidence relevant to the EEOC Administrative Proceeding.

Pursuant to the Court's Order and Notice of Trial Preparation Requirements, Counsel for the EEOC certifies that it conferred in good faith with Counsel for Defendant regarding Defendant's Motion *in Limine* and reached an agreement on the evidence discussed in Paragraphs 1, 2, and 3. However, the EEOC objects to Defendant's Motion *in Limine* seeking exclusion of evidence discussed in Paragraphs 4 through 12. The EEOC's objections are explained in more detail below.

## II.     ARGUMENT AND CITATION OF AUTHORITY

**1. The EEOC Objects to Defendant's Motion *in Limine* Paragraphs (4) and (5) Regarding the Testimony of Janice Smith and Paul Hinchey.**

Defendant seeks to exclude the testimony of Janice Smith and Paul Hinchey under Federal Rules of Civil Procedure 26(a), (e), and 37(c). Rule 37(c)(1), Federal Rules of Civil Procedure

provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, <u>unless the failure was substantially justified or is harmless</u>." (emphasis added). Failure to disclose a witness is harmless where there is no substantial prejudice to the party entitled to receive the disclosure. <u>See</u> <u>Poole v. Gee</u>, 2008 WL 2397603, at *2 (M.D. Fla. June 10, 2008). In deciding whether the failure is harmless, the Court considers: "(1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." <u>Bearint v. Dorell Juvenile Group, Inc.</u>, 389 F.3d 1339, 1353 (11th Cir. 2004). Any alleged failure by the EEOC to identify Janice Smith and Paul Hinchey as potential witnesses was substantially justified and harmless.

(a)   <u>Janice Smith Should Not be Excluded</u>

Contrary to Defendant's contentions, the EEOC identified Smith as a potential witness during discovery. In its responses to Defendant's Interrogatories and Requests for Production requesting information about persons with knowledge of the claims and allegations of the lawsuit, the EEOC directed Defendant to the documents it produced therewith to Defendant. Smith's name appears over 40 times in the first 145 pages of discovery produced by the EEOC to Defendant. More importantly, Defendants knew of the recordings, because they were produced in discovery, one of them was used as an exhibit by the EEOC in connection with the cross motions for summary judgment, and because Defendant's counsel attended both interviews. <u>See</u> <u>Quesenberry v. Volvo Group N. Am., Inc.</u>, 267 F.R.D. 475, 482 (W.D. Va. 2010) (late identification of witnesses was harmless given limited purpose of the testimony and when witnesses called solely to identify notes

that Defendant was aware of during discovery).

Not only is Smith's name mentioned throughout the EEOC's production, her name primarily appears on communications to and from Defendant during the investigation. Both Defendant and its counsel, Jason D'Cruz, communicated with her on several occasions in connection with the investigation prior to the initiation of this lawsuit. Defendant had ample notice that Smith could be a witness in this case.

Smith is a retired federal investigator who formerly worked for the EEOC in its Savannah Local Office and was the investigator assigned to investigate the Charge of Discrimination filed by Corey McKever. The EEOC identified two recordings of Smith's investigative interviews (EEOC Exhibits P-18 and P-26) for use at trial. These two recordings are: (1) an interview of Dr. Ana Maria Concepcion and (2) an interview of Laura Floyd. Both interviews were under oath. Concepcion and Floyd are expected to be witnesses at trial. Smith recorded these interviews herself so she can authenticate them. See Fed. R. Evid. 901(b)(1). During the conferral meeting with Defendant, the EEOC was surprised to learn that Defendant was objecting to the authenticity of the recordings because Jason D'Cruz, Defendant's counsel, was also present at both interviews. Defendant did not identify why it believes the recordings are not authentic. If Defendant concedes authenticity, then the EEOC does not need to call Smith as a witness.

In addition, Smith is not a fact witness; rather the EEOC intends to use Smith solely to authenticate two exhibits that were produced in discovery and the authenticity of which Defendant challenges. See Fed. R. Evid. 901(b)(1). Smith does not have knowledge of and is not proffered for her knowledge of any facts related to the claims or defenses. She is simply a foundation witness used to authenticate the two recordings. See Jackson v. Kansas City Kansas Public Schools Unified

School District No. 500, 378 F. Supp. 3d 1016, 1023 (D. Kan. 2019) (failure to disclose foundation witness was harmless).

The EEOC does not intend to play the recordings in their entirety at trial. The EEOC intends to use the recordings for at least two reasons: (1) for impeachment purposes as they are prior sworn statements by declarant-witnesses; and (2) to refresh the witnesses' recollection to the extent Concepcion or Floyd answered a question or provided information in the recorded interview that either of them no longer recalls when testifying at trial. Under these two intended uses, the recordings are admissible. See Fed. R. Evid. 612, 613(b), and 801(d).

For these reasons, the failure to identify Janice Smith on the EEOC's initial disclosures was substantially justified and harmless and her testimony should not be excluded.

(b)     Paul Hinchey Should Not be Excluded

Like Smith, the purpose of Hinchey's testimony is extremely limited and only needed to authenticate and admit Defendant's financial documents the EEOC intends to use at trial. Hinchey is Defendant's President and Chief Executive Officer and he is listed as the principal officer on Defendant's Audit Report (EEOC Exhibit P-27) and Form 990 Tax Return (EEOC Exhibit P-28) with firsthand knowledge of their contents and, therefore, can authenticate them. See Fed. R. Evid. 901(b)(1). Like Smith, Hinchey is primarily proffered as a foundation witness. Hinchey's testimony will be limited to the two financial documents, and the EEOC does not seek his testimony about the facts of the case. See Jackson, 378 F. Supp. at 1023. Defendant has not stated why it doubts the authenticity or admissibility financial records it created and published to the public.[1]

---

[1] Both exhibits are records of a regularly conducted activity and fall under the exception to the hearsay rule under

Defendant's Audit Report (EEOC Exhibit P-27) is publicly available in the document library on Defendant's website[2] and its 2018 Form 990 Tax Return (EEOC Exhibit P-28) is publicly available on the IRS website.[3] Both exhibits are relevant under Federal Rules of Evidence 401 and 402 to the presentation of evidence on Defendant's financial status, which is relevant to the relief sought by the EEOC in this case. The EEOC seeks, *inter alia*, punitive damages against Defendant for violating the Americans with Disabilities Act ("ADA"). [Doc. No. 1, Prayer for Relief F]. Punitive damages are permitted by statute. See 42 U.S.C. § 1981a(b). In fact, the Eleventh Circuit Pattern Jury Charges state: "If you find that punitive damages should be assessed against [name of defendant], you *may consider the evidence regarding [name of defendant]'s financial resources* in fixing the amount of such damages.]" See 4.11, Eleventh Circuit Pattern Jury Charges, Civil (emphasis added). "[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270, 101 S. Ct. 2748, 2761 (1981); see also Jackson v. Waffle House, Inc., 2006 WL 8431449, at *2 (N.D. Ga. Apr. 24, 2006)("Generally speaking, the financial position of a defendant is relevant and discoverable in federal causes of action where the complaint alleges facts demonstrating the possibility that punitive damages will be at issue."). Therefore, evidence of Defendant's wealth is relevant to the EEOC's claim for punitive damages and because it is relevant, it is admissible. See Fed. R. Evid. 401 and 402.

In addition, Defendant is a tax-exempt organization under Section 501(c)(3) of the Internal

---

Federal Rule of Evidence 803(6).

[2] See https://www.sjchs.org/docs/default-source/default-document-library/financial-and-organizational-information-regarding-our-hospital-2019.pdf?sfvrsn=4c2340fe_2

[3] See https://apps.irs.gov/pub/epostcard/cor/582288758_201906_990_2021012117609148.pdf

Revenue Code. See 26 U.S.C. § 501(c)(3). This means that it does not have profits like a for-profit corporation that could have an undue influence on the amount of the award. But evidence of Defendant's financial condition, including its tax returns and financial statements, show the size of its operation and its operating budget which can guide the jury in making its award that it feels will punish and deter future similar conduct. Therefore, pursuant to Rules 401 and 402, Federal Rules of Evidence, evidence of Defendant's wealth is relevant to the EEOC's claim for punitive damages and admissible.

Defendant also contends that the EEOC should not be allowed to call Hinchey as a witness under the apex doctrine, which may bar the testimony of a high-level executive without personal knowledge of the facts of the case unless a special need is shown. [Doc. 90, p. 4]; see In re U.S., 985 F.2d 510, 512 (11th Cir. 1993). However, a special need for Hinchey's testimony exists. He has personal knowledge of the contents of the financial statements relevant in this case. Hinchey is listed as the principal officer for Defendant on both the Audit Report and the Form 990, and can authenticate these two exhibits and provide limited testimony to put them in context relevant to the EEOC's claim for punitive damages. The EEOC is not aware of any alternative means for obtaining testimony about Defendant's financial status and Defendant has not offered an alternative witness. If Defendant provides an alternative witness, the EEOC would not need to call Hinchey as a witness trial.

Defendant further contends that the EEOC should be barred from calling Hinchey to testify because "the EEOC never pursued this discovery further and never sought to compel its production." [Doc. 90, p. 4]. The exhibits in question are Defendant's own financial records already in Defendant's possession. See Nola Fine Art, Inc. v. Ducks Unlimited, Inc.,

2015WL459685, at *2 (E.D. La. February 3, 2015)(plaintiff's failure to disclose documents already in defendant's possession harmless and substantially justified) citing Fed. R. Civ. P. 26(e), advisory committee's note to 1993 amendment ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties… during the discovery process."). Contrary to Defendant's contentions, the EEOC pursued the financial documents from Defendant in discovery, but Defendant objected to providing them. Fortunately, because Defendant is a tax-exempt organization, its financial records are available to the public and the EEOC obtained Defendant's financial records through alternative means without incurring additional costs and wasting judicial resources by moving to compel discovery. Because Defendant's financial records were requested by the EEOC in the discovery, Defendant should not be surprised that the EEOC now intends to use them at trial.

Therefore, the failure to identify Hinchey on the EEOC's initial disclosures was harmless, a special need exists to call Hinchey as a witness, and his testimony should not be excluded.

2. **The EEOC Objects to Defendant's Motion *in Limine* Paragraphs (6), (7), and (8) Regarding Any Evidence Not Produced in Discovery, Including the Center for Disease Control ("CDC") Website and Defendant's Financial Statements.**

Defendant seeks to exclude EEOC Exhibits P-27, P-28, P-29, P-30, and P-31. The EEOC's Exhibits P-27 and P-28 (Defendant's financial statements) are admissible under Federal Rules of Evidence 401, 402 and 803, as addressed in Section 1(b) above. The EEOC's Exhibits P-29, P-30, and P-31 9 (the CDC website print outs) are also admissible under Federal Rules of Evidence 401 and 402, because the evidence is relevant to show (1) the decision-maker's knowledge at the relevant time and (2) that McKever does not pose a direct threat; and under Federal Rules of Evidence 803 as public records, an exception to the hearsay rule.

Defendant contends that the EEOC did not produce or obtain the CDC websites during discovery and further contends that the CDC websites are not relevant because "there is no evidence the information therein is the same information St. Joseph's relied upon in 2018." [Doc. 90, p. 5-6]. However, during discovery Defendant disclosed to the EEOC that Floyd relied on the CDC websites to make the decision not to hire McKever. Where possible, the EEOC obtained the versions of these websites closest in time, and before, Floyd made her decision to rescind the job offer to McKever, which was in September 2018. The EEOC intends to use the information on these websites that was last updated prior to the relevant time period in this case.

The evidence is not only relevant to what Floyd, the decision-maker, knew or should have known, but is also relevant to prove that McKever is not a direct threat. Even if the websites were not available to Floyd at the time she made her decision to rescind the job offer to McKever, the EEOC has the burden to prove that McKever is not a direct threat to establish that he is qualified under the ADA, which is a separate inquiry not dependent on what information was available to Floyd. Therefore, the CDC websites are still relevant to prove that McKever is not a direct threat and are thus admissible under Federal Rules of Evidence 401 and 402.

In addition, the CDC websites are admissible under the public records exception to the hearsay rule under Federal Rule of Evidence 803(8). See Fed. R. Evid. 803(8); see, e.g., United States v. Iverson, 818 F.3d 1015, 1021-22 (10th Cir. 2016).

Most importantly, the EEOC's primary purpose in identifying these exhibits is to have the Court take judicial notice of facts therein as it did in its summary judgment order. "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201. In its order ruling on the cross motions for summary judgment, the Court took judicial notice of certain information about

HIV taken from the CDC's website. [Doc. 65, p. 2, footnote 1] citing <u>Loucka v. Lincoln Nat'l Life Ins. Co.</u>, 334 F. Supp. 3d 1, 8 (D.D.C. 2018) citing <u>Cannon v. District of Columbia</u>, 717 F.3d 200, 202 n.2 (D.C. Cir. 2013); <u>Hawk v. Aircargo, Inc. v. Chao</u>, 418 F.3d 453, 457 (5th Cir. 2005); <u>Gent v. CUNA Mut. Ins. Soc'y</u>, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of information on the CDC's website regarding Lyme disease, such as causes and symptoms); <u>Middleton v. Andino</u>, 488 F. Supp. 3d 261, 267 n.3 (D.S.C. 2020) (taking judicial notice of facts and statistics from the CDC's website, the South Carolina Department of Health and Environmental Control's website, and the South Carolina Election Commission's website); <u>Glenn v. B & R Plastics, Inc.</u>, 326 F. Supp. 3d 1044, 1068 n.7 (D. Idaho 2018) (collecting cases).

P-29 is the version of www.cdc.gov/hiv/basics/whatishiv.html last updated on July 23, 2018. The facts contained in P-29 that the EEOC asks the Court to take judicial notice of are:

(1) If people with HIV take antiretroviral therapy (ART) as prescribed, their viral load (amount of HIV in their blood) can become undetectable.

(2) If their viral load stays undetectable, a person with HIV can live long, healthy lives and have effectively no risk of transmitting HIV to an HIV-negative partner through sex.

P-30 is the version of www.cdc.gov/hiv/risk/estimates/riskbehaviors.html that was last updated on December 4, 2015, which is the closest date available prior to Floyd's decision. The facts contained in P-30 that the EEOC asks the Court to take judicial notice of are:

(1) The chart titled "Estimated Per-Act Probability of Acquiring HIV from an Infected Source, by Exposure Act".

P-31 is www.cdc.gov/hiv/basics/hiv-transmission/increase-hiv-risk.html. This website page does not appear to have existed at the time Floyd made her decision but is relevant to the determination of whether McKever was a direct threat and, therefore, whether he is "qualified" under the ADA. The facts in P-31 that the EEOC asks the Court to take judicial notice of are:

(1) Viral load is the amount of HIV in the blood of someone who has HIV.

(2) Taking HIV medicine can make the viral load very low – so low that a test can't detect it (called an undetectable viral load).

(3) People with HIV who keep an undetectable viral load (or stay virally suppressed) can live long, healthy lives.

EEOC Exhibits P-27, P-28, P-29, P-30, and P-31 are relevant and admissible under Federal Rules of Evidence 401, 402 and 803. Even if the Court does not allow the EEOC to admit these exhibits as evidence, the EEOC asks that the Court take judicial notice of the facts in P-29, P-30, and P-31, under Federal Rule of Evidence 201.

3. **The EEOC Objects in Part to Defendant's Motion *in Limine* Paragraph (9) Regarding Lay Testimony, Specifically Any Testimony by McKever as to His Medical Condition Outside His Own Experience.**

The EEOC agrees not to provide any testimony that falls within Federal Rule of Evidence 702 and agrees McKever's testimony will be based on his personal knowledge. See Fed. R. Evid. 702. To the extent Defendant seeks to limit other witnesses' testimony to facts within their personal knowledge about a medical condition or medical terms based on their own experience, the EEOC objects on the grounds that that evidence is admissible under Federal Rule of Evidence 701. See Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317 (11th Cir. 2011) ("a physician may

-11-

offer lay opinion testimony, consistent with Rule 701, when the opinion is 'based on his experience as a physician and [is] clearly helpful to an understanding of his decision making process in the situation.'"); Zamboni v. R.J. Reynolds Tobacco Co., 2015 WL 221150, at *1-*2 (M.D. Fla. Jan. 13, 2015)(holding that testimony about the "relative difficulties in quitting nicotine" was admissible because it was based on the witness's own experiences); Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003)(party did not need to designate a witness as an expert "so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events."); Richardson v. Consolidated Rail Corp., 17 F.3d 213, 218 (7th Cir. 1994) (holding that a doctor is not an expert if their testimony was based on personal knowledge and observations, and the testimony was not "acquired or developed in anticipation of litigation or for trial.").

4. **The EEOC Objects to Defendant's Motion *in Limine* Paragraph (10) Regarding Any Evidence of Pecuniary Damages not Produced in Discovery.**

This Paragraph should be denied on the grounds that it is vague and overbroad as it is unclear what specific evidence Defendant is seeking to exclude in this Paragraph. The EEOC provided its damages calculations to Defendant in the EEOC's amended initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and the documents related to those damages, including compensation and mitigation were produced in discovery by Defendant and the EEOC, respectively. If Defendant identifies what specific evidence it seeks to exclude, either through objections to the Plaintiff's Exhibits or otherwise, the EEOC will respond accordingly.

5. **The EEOC Objects to Defendant's Motion *in Limine* Paragraph (11) Regarding Any Evidence on Elements Not Presently Before the Court Upon Which the EEOC was Granted Summary Judgment.**

This Paragraph should be denied on the grounds that it is vague and overbroad as it is unclear

what specific evidence Defendant is seeking to exclude in this Paragraph. The EEOC does not intend to re-litigate issues already decided, but the EEOC is entitled to use evidence relevant to prove facts of the remaining issues to be litigated and background evidence to develop the same. See Fed. R. Evid. 401 and 402. That includes evidence that establishes a timeline of events or provides context so that the evidence makes sense to the jury. Evidence can be relevant even if it does not relate to a fact in dispute, provided the evidence supplies background information about a party or issue. See Fed. R. Evid. 401 advisory committee notes ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

In addition, some evidence related to the issues already ruled upon is also relevant to the issues to be tried, including Defendant's defenses. Without identifying specific evidence to be excluded, Defendant asks this Court to exclude relevant evidence from trial that may otherwise be admissible. See General Citrus Intern. Inc. v. Remien, 2009WL2486164, at *4 (N.D. Ill., Aug. 10, 2009)(motion *in limine* that failed to identify specific proposed exhibits that "would be relevant solely to the issues resolved on summary judgment" was denied to the extent the motion sought to bar any proposed exhibits). The EEOC respectfully requests that the Court defer ruling on this part of the Motion in Limine until trial when specific exhibits are objected to and the EEOC can establish that they are relevant and have a purpose beyond those issues already established.

6. **The EEOC Objects to Defendant's Motion *in Limine* Paragraph (12) Regarding Any Documents or Evidence Relevant to the EEOC Administrative Proceeding.**

Defendant seeks to exclude EEOC Exhibits P-18, P-22, P-23, P-24[4], and P-26. EEOC's

---

[4] Defendant's Motion *in Limine* incorrectly refers to the Position Statement and Defendant's Response to the Request for Information both as P-23, but this is believed to be a typographical error as Defendant's Response to the Request

Exhibits P-18 and P-26 (the two audio recordings of investigative interviews) are admissible under Federal Rules of Evidence 612, 613(b) and 801(d), as discussed in Section 1(a) above. EEOC Exhibits P-22 (McKever's Charge of Discrimination), P-23 (Defendant's Position Statement), and P-24 (Defendant's Response to the EEOC's Request for Information)[5] are admissible under Federal Rule of Evidence 401 and 402 because the evidence is relevant to prove facts of the complaint and background evidence to develop the same. For example, P-22, which was signed and verified by McKever within weeks of this job offer being rescinded by Defendant, contains relevant evidence that is not documented elsewhere, including, but not limited to, (1) McKever's impressions during the relevant time period, and (2) a specific timeline of events with dates, including the date that Floyd called McKever to inform him that Defendant could not offer him a position, which is relevant to Defendant's contention that there was no adverse employment action. Likewise, P-23 and P-24 contain relevant admissions by Defendant, including, but not limited to, (1) information about the positions offered to McKever, and (2) the "scientific information" or other facts Defendant relied on or considered in rescinding the job offer to McKever.

In addition, P-22, P-23, and P-24 may be used to refresh a witness's recollection or for impeachment purposes. See Fed. R. Evid. 612, 613(b), and 801(d). And P-23 and P-24 are admissible as exclusions to the hearsay rule as opposing party statements under Federal Rule of Evidence 801(d)(2), as they were both made and signed by Jason D'Cruz, Defendant's counsel, a representative of Defendant. See Fed. R. Evid. 801(d)(2).

To the extent that Defendant objects to markings and highlights on P-23, the EEOC

---

for Information is actually EEOC Exhibit P-24.
[5] Importantly, P-22, P-23, and P-24 do not include any reference to the outcome or findings of the EEOC's administrative process and will not be used by the EEOC to present cumulative information or delay trial.

produced to Defendant the only version in its possession. During conferral, the EEOC told Defendant that it could send the EEOC a clean copy to use instead and that offer still stands. To date, Defendant has not produced a clean copy.

### III. CONCLUSION

WHEREFORE, the EEOC respectfully requests that this Court DENY Defendant's Motion *in Limine* Paragraphs 4 through 12.

Respectfully submitted this 28th day of October, 2022.

> /s/Steven A. Wagner
> Steven A. Wagner
> Georgia Bar No. 000529
> Veronica R. Cox
> Georgia Bar No. 712154
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION – Atlanta District Office
> 100 Alabama St. SW, Suite 4R30
> Atlanta, GA 30303
> Telephone:    (470) 531-4838
> Facsimile:     (404) 562-6905
> steven.wagner@eeoc.gov
> veronica.rogusky.cox@eeoc.gov

### CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1, the undersigned certifies that the foregoing Plaintiff's Response in Opposition to Defendant St. Joseph's/Candler Health System, Inc's Motion in Limine was served on counsel for the Defendant via the Court's CM/ECF electronic filing system.

This the 28th day of October, 2022.

> s/Steven A. Wagner
> Steven A. Wagner
> Georgia Bar No. 000529